UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| MELISSA E. GEORGE, Surviving mother and next of kin to JOHNNY A. BALDWIN, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:20-cv-26-KAC-SKL ) |
| CITY OF WINCHESTER, et al., | ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is Plaintiff's motion to exclude the testimony of Defendant's water rescue opinion witness [Doc. 57].[1] Defendant filed a response in opposition [Doc. 60], and Plaintiff filed a reply [Doc. 62]. The motion is now ripe, and the Court finds a hearing is not necessary. The motion will be denied and the Court will order the relief addressed herein.

### I. BACKGROUND

Plaintiff moves to exclude Bruce Hendrick, a water rescue expert witness, based upon several obvious anomalies in Mr. Hendrick's expert report. In summary, it looks like a draft version of the expert report was mistakenly served by Defendant on August 10, 2022. Plaintiff filed the instant motion to exclude on September 22, 2022, the same day that Plaintiff requested an extension of the expired August 23 deadline to retain a rebuttal expert. Indicating he had spoken with a water rescue rebuttal expert on September 19, Plaintiff's counsel raised the

---

[1] It does not appear that Defendant Sergeant James C. Bishop has joined in the response filed by Defendant City of Winchester. The Court's reference to Defendant will be to the City of Winchester only. For ease of reference, the Court will use the parties' common nomenclature and refer to opinion witnesses as experts and their disclosures as expert reports in this Order.

anomalies in Mr. Hendrick's report and another issue with the expert's failure to sign the report, and he proposed allowing the defense to revise Mr. Hendrick's report in return for allowing Plaintiff time to retain and disclose a water rescue rebuttal expert. Otherwise, Plaintiff would move to exclude Mr. Hendrick's testimony. Defendant refused to grant additional time for Plaintiff's disclosure of a water safety rebuttal expert citing the Court's August 23 deadline for such disclosures, and Plaintiff filed the instant motion.

## II. **STANDARDS**

Federal Rule of Civil Procedure 26(a)(2)(B) governs expert disclosures. The rule provides that, unless a stipulation or court order says otherwise, the expert's disclosure "must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." The rule requires the report to contain: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; [and] (iii) any exhibits that will be used to summarize or support them[.]" Fed. R. Civ. P. 26(a)(2)(B)(i)-(iii).

Rule 26(e) describes a party's duty "to 'supplement or correct' its initial disclosure." *Bentley v. Highlands Hosp. Corp.*, No. CV 15-97-ART-EBA, 2016 WL 5867496, at *3 (E.D. Ky. Oct. 6, 2016) (quoting Fed. R. Civ. P. 26(e)(1)). Specifically, Rule 26(e) provides:

> (1) *In General.* A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response:
>
>> (A) *in a timely manner* if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

2

> (B) as ordered by the court.
>
> (2) *Expert Witness.* For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Notably, this rule limits the time allowed to supplement or correct a disclosure or response. *Bentley,* 2016 WL 5867496, at *4. "And it is not hard to see why—otherwise there would be no finality to expert reports, as each side, in order to buttress its case would go on ad infinitum supplement[ing] existing reports and modify[ing] opinions previously given." *Id.* (internal quotation marks omitted) (quoting *Beller ex rel. Beller v. United States*, 221 F.R.D. 696, 701 (D.N.M. 2003)). Concerning supplemental reports, Rule 26 requires parties to share "[a]ny additions or changes' to an expert's disclosure . . . in a timely manner and no later than the time the party's pretrial disclosures under Rule 26(a)(3) are due." *Id.* (quoting Rule 26(e)(1)(A), (2)) (internal quotation marks omitted).

A party's non-compliant disclosure under Rule 26 is harmless if it "involves [1] an honest mistake on the part of [that party] [2] coupled with sufficient knowledge on the part of the other party." *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 783 (6th Cir. 2003) (internal quotation marks and citation omitted); *see also* Fed. R. Civ. P. 37(c)(1) advisory committee's note to 1993 amendment (stating that an example of a harmless non-compliant disclosure is the "inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties"). When considering non-compliant disclosures under Rule 26, the United States Court of Appeals for the Sixth Circuit and the district courts in the Sixth Circuit regularly apply this

3

bipartite analysis of honesty and sufficient knowledge. *See Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003) ("Nothing in the present case suggests that the failure to disclose Dr. Loomis in a timely manner was the result of an honest mistake. Nor did the defendants have sufficient knowledge of him or his opinions, since the first hint that he might have some involvement in the case came . . . months after the expert-disclosure deadline.").

The party subject to potential sanctions carries the burden to prove harmlessness or substantial justification. *Roberts*, 325 F.3d at 782. "Harmlessness . . . is the key under Rule 37, not prejudice. The advisory committee's note to Rule 37(c) 'strongly suggests that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party.'" *Sommer*, 317 F.3d at 692 (quoting *Vance v. United States*, No. 98-5488, 1999 WL 455435, at *5 (6th Cir. June 25, 1999)). "The district court has broad discretion to impose the appropriate sanction, and the sanction of exclusion is certainly appropriate when the failure to abide by the requirements of Rule 26 is not substantially justified or harmless." *Campos v. MTD Prods., Inc.*, No. 2:07-CV-00029, 2009 WL 2252257, at *9 (M.D. Tenn. July 24, 2009) (citing *Roberts*, 325 F.3d at 782).

Rule 26 allows expert supplements: "(1) to correct an error or inaccuracy; (2) to respond to an opposing expert pointing out gaps in the supplementing expert's chain of reasoning; or (3) to reflect an expert's changed opinion." *Hoskins Oil Co., LLC v. Equilon Enters., LLC*, No. 3:16-CV-417-JRG-DCP, 2019 WL 691394, at *2 (E.D. Tenn. Feb. 19, 2019) (citing *Eiben v. Gorilla Ladder Co.*, No. 11-CV-10298, 2013 WL 1721677, at *6 (E.D. Mich. Apr. 22, 2013)). However, a party cannot correct deficiencies in its expert disclosure under the guise of supplementation. *See, e.g., Moonbeam Cap. Invs., LLC v. Integrated Constr. Sols., Inc.*, No. 2:18-CV-12606, 2020

4

WL 1502004, at *6 (E.D. Mich. Mar. 30, 2020) (holding a party must not use a supplemental expert report to expand expert analysis or add new information); *Am. Nat'l Prop. & Cas. Co. v. Stutte*, No. 3:11-CV-219, 2015 WL 2095868, at *5 (E.D. Tenn. May 2, 2015) (expert initially did not offer a conclusive opinion; supplementation not allowed where the expert "failed to request," and the defendants "failed to provide, the information that [the expert] felt necessary to reach a conclusive opinion"); *EEOC v. Heartland Auto. Servs., Inc.*, No. 2:12-cv-02054-STA-dkv, 2013 WL 12043555, at *12 (W.D. Tenn. July 19, 2013) ("Rule 26(e) does not permit supplementation of an expert report to remedy an inadequate or incomplete preparation or review by an expert in the first instance."); *Campos*, 2009 WL 2252257, at *8 (stating that "a party may not use the guise of 'supplementation' to ignore court deadlines, reopen discovery, find new facts, and generate new expert reports" (internal quotation marks and citations omitted)).

### III. ANALYSIS

Given the fast-approaching deadlines, the Court declines to address details about the various anomalies in Mr. Hendrick's report or the parties' accusations, which have been hashed out in the parties' voluminous filings. Suffice it to say, the Court's review of the errors identified by Plaintiff do not support Plaintiff's position that the errors render Mr. Hendrick's opinions so unreliable under Rule 702 of the Federal Rules of Evidence as to exclude his testimony in whole, but they do make the report difficult to comprehend and in need of correction. To be clear, the Court finds the evidence supports that Mr. Hendrick engaged in a back-and-forth interactive process with defense counsel as to *his* own expert opinions. The record reflects specific language was discussed and then *meant to be either be included or excluded* to reflect Mr. Hendrick's actual views. *See McDonald v. City of Memphis*, No. 2:12-cv-2511-SHL-dkv, 2016 WL 8201168, at

5

*11 (W.D. Tenn. August 26, 2016) (citing *United States v. Kalymon*, 541 F.3d 624, 638 (6th Cir. 2008)).

Certainly, Plaintiff's counsel might be faulted and his motives questioned (as the defense has done) for not seeking clarification of the expert's report sooner, but the Court will not question Plaintiff's counsel's claim "that only by filing the instant motion and closely reviewing the City's response has Plaintiff—at long last—been able to discern 'who is who' in the Hendrick report." [Doc. 62 at Page ID # 697]. While Defendant argues Mr. Hendrick's opinions are sufficiently clear enough (and signed sufficiently) to have allowed Plaintiff to timely obtain a rebuttal expert or to prepare for trial, the Court finds that Defendant's mistaken filing of what appears to be a draft report chockfull of errors necessitates rectification even though the rebuttal expert disclosure deadline has passed.

Accordingly, in its discretion, the Court will give Defendant **SEVEN DAYS** from the entry of this Order to submit a supplemental report that corrects the errors in Mr. Hendrick's report and that meets all of the requirements of an expert disclosure, such as a proper signature. Also in its discretion, the Court will give Plaintiff **14 DAYS** from the entry of this Order to submit any rebuttal expert's report to Mr. Hendrick's supplemental report. Plaintiff's disclosure will be strictly limited to the parameters of a proper rebuttal report. To address possible harm to Defendant as a result of the late filing of a water rescue rebuttal expert report by Plaintiff, the Court will permit Defendant to depose any such expert within **21 DAYS** of the entry of this Order. None of the deadlines set herein will constitute grounds for delay of the Court's scheduled November 7 deadline for filing dispositive and *Daubert* motions, as the Court finds no further adjustments to the Scheduling Order are justified on the current record.

6

## IV. CONCLUSION

For the reasons set forth above, the motion to exclude the testimony of Mr. Hendrick [Doc. 57] is **DENIED**. The parties are **ORDERED** to confer, as soon as possible, to agree on an appropriate date and time for the possible deposition referenced above.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE